### J. B. CECILL ET AL. v. JOHN GRANT ET AL.

1. FILING MOTION FOR NEW TRIAL TO MOTION DISSOLVING ATTACHMENT, A NULLITY.
   There is no provision of law authorizing the filing of a motion for a new trial, after a ruling on a motion to dissolve an attachment; hence the filing of such motion for a new trial is a nullity and does not operate to extend the time within which a bill of exceptions to such ruling may be filed.

Cecill v. Grant.

2. Provision of Statute Authorizing Appeal by Defendant to Dissolve Attachment is not Void.

That part of Lan. R. L. 10071 (R. S. 6494) which authorizes the defendant in attachment to appeal his motion to dissolve the attachment to the common pleas court, when the same is overruled by the justice of the peace, is not void because the right of appeal is not given the plaintiff in attachment, when such motion is sustained by the justice.

Error to Cuyahoga common pleas court.

**Smith & Taft**, for plaintiffs in error.

**Pinney & Warner**, for defendants in error:

Laning R. L. 8821 (R. S. 5305) provides for what causes a new trial may be granted. Laning R. L. 8643 (R. S. 5128) defines an issue of fact.

On a motion to discharge an attachment, there is no issue of fact, within the meaning of the statutes; therefore, a motion for a new trial is not authorized by law. *Stone* v. *Savings & Bank. Co.* 4 Circ. Dec. 354 (8 R. 636); *Thomas* v. *Mangus*, 25 O. C. C. 649; *Minnear* v. *Hollaway*, 56 Ohio St. 148 [46 N. E. Rep. 636].

A bill of exceptions must be filed within forty days after the rendition of the judgment; and not within forty days after the overruling of the motion for a new trial. Same authorities.

Whatever belongs merely to the remedy, may be changed according to the will of the state, provided the alteration does not affect the obligation of the contract. Cooley, Const. Lim. 406 to 415.

**WINCH, J.**

Plaintiffs brought their action against defendants before a justice of the peace, to recover on a claim alleged to be for necessaries. An order of attachment was issued in the case on the affidavit of plaintiffs that the claim was for necessaries contracted for since April 26, 1898. Thereupon defendants moved the justice to discharge the attachment on the ground, that the facts stated in the affidavit were not true and that the property sought to be attached was exempt from execution and attachment. This motion was overruled and thereupon defendants appealed it to the common pleas court.

In the common pleas court plaintiffs first filed a motion to dismiss the appeal, on the ground that the statute under which the appeal was attempted is unconstitutional and void. This motion was overruled. As to the subsequent proceedings in the common pleas court, it is necessary to notice the dates:

On August 17, 1904, motion to discharge the attachment heard and granted as to 90 per cent of the fund held by the garnishee; plaintiffs except; judgment against plaintiffs for costs.

August 20, 1904, motion by plaintiffs for new trial filed.

August 20, 1904, petition in error to circuit court filed.

December 16, 1904, motion for new trial overruled; plaintiff excepts.

January 16, 1905, bill of exceptions filed.

It will be noticed that the bill of exceptions was filed more than forty days after the motion to discharge the attachment was granted, but within forty days of the overruling of the motion for a new trial.

The case being brought into this court by petition in error properly filed, defendant in error has moved to strike the bill of exceptions from the files. It is conceded that this motion should be granted, unless, by the filing of a motion for new trial and delay in ruling thereon, the time within which the bill of exceptions should be filed was extended beyond forty days from the order complained of.

It is further conceded that no motion for a new trial is necessary to authorize this court to review a judgment of the common pleas court upon a motion to dissolve an attachment, although the weight of the evidence is involved. *Stone* v. *Savings & Bank. Co.* 4 Circ. Dec. 354 (8 R. 636).

But plaintiffs in error contend that although such motion is unnecessary, having filed a motion for a new trial in the common pleas court, the time limited for the filing of a bill of exceptions begins to run from the overruling of such motion, and cites in support of his contention the case of *Cincinnati St. Ry.* v. *Wright,* 54 Ohio St. 181 [43 N. E. Rep. 688; 32 L. R. A. 340], where it is said, by Bradbury, J., on page 188:

"Counsel contend that because a motion for a new trial is not necessary to preserve the right to review a charge of the court, the time within which a bill of exceptions should be taken for that purpose begins to run from the day the charge was given. This contention would be sound in a case where a motion for a new trial was not made, and the party excepting chose to rely upon the exception taken during the course of the trial. The choice, however, is with him."

The court thereupon goes on to point out that, "misdirection by the court to the jury," was at that time a ground of error which by the specific language of the statute (Lan. R. L. 8813; R. S. 5301) might be included in a motion for a new trial, and thereby distinguishes that case from the case at bar.

As pointed out in the decision of this court, *Stone* v. *Saving & Bank. Co. supra,* pages 636, 639 the first clause of Lan. R. L. 8821 (R. S. 5305) defining the causes for which new trials may be granted reads:

"A new trial is a re-examination, in the same court, of an issue of

Cecill v. Grant.

fact, after a verdict by a jury, a report of a referee or master, or a decision by a court,'' and the issue of fact referred to must be one arising on the pleadings, as defined in Lan. R. L. 8643 (R. S. 5128); and no such issue arises upon a motion to dissolve an attachment. Hence not only is a motion for a new trial unnecessary, after a ruling on a motion to dissolve an attachment, but there is no provision of law authorizing one.

We therefore hold that the filing of the motion for a new trial after the granting of the motion to dissolve the attachment, was a nullity and did not operate to extend the time within which a bill of exceptions should be filed, and the motion to strike the bills of exceptions from the files is granted. In this conclusion we are sustained by the opinion delivered by Judge Hull, of the sixth circuit, in the case of *Thomas* v. *Mangus*, 25 O. C. C. 649.

The only error complained of shown by the record and not re-quiring a bill of exceptions to exhibit it, is the overruling of the motion to dismiss the appeal on the ground that the statute authorizing the appeal is unconstitutional. It is pointed out that said statute (Lan. R. L. 10071; R. S. 6494) provides that the defendant, only, shall have the right to appeal from the decision of the justice on a motion before him to dissolve an attachment. It is admitted that the plaintiff has his remedy by proceedings in error, if the justice erroneously grants the motion to dissolve, but it is said that if the defendant has a summary remedy by appeal, in event the motion is decided against him, the plain-tiff should have a like summary remedy when the motion is decided in favor of the defendant.

What specific article of the constitution is thus violated is not pointed out, but counsel has intimated that in some way Sec. 1, Art. 1 of the bill of rights is violated. That by the statute referred to, classes of citizens, to wit, defendants in attachment cases, have certain rights, privileges and remedies, which are denied to other classes of citizens, to wit, plaintiffs in attachment cases.

We apprehend, however, that no classes of citizens are thus created or favored; rather, the legislature has seen fit to regulate according to a plan of its own, the various methods by which the rulings of justices of the peace in a certain class of cases, and in certain contingencies may be reviewed. As the right to have any judgment or order reviewed, either on error or by appeal is wholly a statutory right, there can be no constitutional objection to the method provided therefor in attach-ment cases, by the statute under consideration. Judgment affirmed.

Marvin and Henry, JJ., concur.